SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lamar Cleveland, | No. CV 12-2685-PHX-DGC (SPL) |
| Petitioner, | **ORDER** |
| vs. | |
| Paul Babeu, et al., | |
| Respondents. | |

On December 19, 2012, Petitioner Christopher Lamar Cleveland, who is confined in the Pinal County Adult Detention Facility in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 regarding his Maricopa County Superior Court conviction, case# CR2003-037149.[1]  The Court ordered Petitioner to file a notice addressing whether he was "in custody" in connection with that case.  (Doc. 6.)  Petitioner filed a notice.  (Doc. 7.)  Petitioner has also filed additional notices, requests, and motions.  (Doc. 8-13.)  The Court will dismiss the Petition and this action and deny Petitioner's notices and requests, to the extent that he seeks any relief therein, and deny his pending motions.

**I.     Petition**

Petitioner seeks habeas relief with respect to his conviction, pursuant to a guilty plea,

---

[1] Petitioner subsequently filed another habeas petition.  See Cleveland v. Babeu, No. CV13-0045-PHX-DGC (SPL).

for failure to register as a sex offender in Maricopa County Superior Court, case #CR2003-037149, for which Petitioner was sentenced to a 2.5-year term of imprisonment.[2] Petitioner alleges four grounds for relief. In Ground One, he appears to assert that his Thirteenth Amendment rights against involuntary solitude were violated by his being required to register as a sex offender under Arizona's sex offender registration statute, Ariz. Rev. St. §13-3821, based upon a 1993 California conviction; Petitioner disputes that he was actually convicted. In Ground Two, Petitioner asserts that his Fifth Amendment double jeopardy rights have been violated where a dismissed California state case has been used to penalize him for failing to register as a sex offender. In Ground Three, Petitioner contends that Arizona has violated the full faith and credit clause of the Constitution, where he was penalized for failing to register as a sex offender based upon a dismissed California case. In Ground Four, Petitioner asserts violation of his Fifth Amendment due process rights based where he was penalized for failure to register as a sex offender based upon a false conviction.

**II.     The "In Custody" Requirement of § 2254**

Federal habeas relief is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted "the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed,*" although he need not be physically confined to challenge a sentence on habeas corpus. Maleng v. Cook, 490 U.S. 488, 491 (1989) (an expired conviction can never satisfy the "in custody" requirement, even if it is used to enhance a subsequent sentence) (emphasis added); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner was "in custody" while he remained subject to probation under the conviction or sentence at the time he filed his habeas petition); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 (9th Cir. 2005).

---

[2] See  http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2003-037149 and http://www.courtminutes.maricopa.gov/docs/Criminal/092003/m1123609.pdf (last visited May 9, 2013).

## III.    Petitioner's Notice

In his Notice, Petitioner states that lifetime probation was imposed in CR2003-037149 and that a condition of his lifetime probation was compliance with Arizona's sex offender registration law. A review of the September 30, 2003 sentencing order in Petitioner's case, available on-line, belies Petitioner's assertion that he was sentenced to lifetime probation in that case.[3] The Maricopa County Superior Court sentenced Petitioner to 2.5 years in prison followed by a period of community supervision under Arizona Revised Statute § 13-603(I), which provided that a term of community supervision be imposed for a period equal to one day for every seven days of the sentence imposed. Ariz. Rev. St. § 13-603(I). In Petitioner's case, he was subject to approximately 130 days of community supervision following his term of imprisonment. Thus, even assuming that community supervision satisfied the "in custody" requirement, Petitioner completed his sentence of imprisonment and community supervision in CR2003-037149 no later than September 30, 2006.

Petitioner may in part be attempting to assert that he was "in custody" in connection with CR2003-037149 because he was required to comply with Arizona's sex offender registration law. In Williamson v. Gregoire, 151 F.3d 1180, 1183-84 (9th Cir. 1998), the Ninth Circuit held that a petitioner challenging Washington's sex-offender registration law did not meet the "in custody" requirement because the law did not impose a significant restraint on the petitioner's liberty, but was instead a collateral consequence of the petitioner's conviction. See Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999); cf. Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (probationary term is sufficient custody to confer jurisdiction, even where probationary term expired after commencement of habeas action but adverse consequences remained). In Petitioner's case, compliance with Arizona's sex offender registration law was not required as a consequence of his conviction in CR2003-037149. Rather, Petitioner admitted that he had failed to comply with Arizona's sex offender registration law based on a previous California

---

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1159258.pdf (last visited May 9, 2013).

- 3 -

1 conviction.[4] Thus, Petitioner was not required to comply with Arizona's sex offender
2 registration law as a consequence of his conviction in CR2003-037149. Further, compliance
3 with such requirement amounts to a collateral consequence and was not a significant restraint
4 on Petitioner's liberty. See Williamson, 151 F.3d at 1183-84; Henry, 164 F.3d at 1240.

Petitioner has failed to establish that he was "in custody" in connection with CR2003-037149 when he commenced this habeas action. Accordingly, the Petition and this action will be dismissed. The Court will deny Petitioner's pending notices and requests, to the extent that any relief is sought therein, and his pending motions as moot.

**IT IS ORDERED:**

(1) The Petition and this action are **dismissed**. (Doc. 1.)

(2) Petitioner's pending notices and requests, to the extent that any relief is sought therein, and his pending motions are **denied** as moot. (Doc. 8-13.)

(3) The Clerk of Court must enter judgment accordingly and close this case.

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 17th day of May, 2013.

David G. Campbell
United States District Judge

---

[4] In several other cases in this Court, and in his pending criminal cases in Pinal County Superior Court, Petitioner disputes that he was actually convicted of an offense in California for which he must comply with Arizona's sex offender registration law. Although unclear, it appears proceedings in Petitioner's pending Pinal County criminal cases have been delayed while documentation from the California case, which dates from 1993, is sought.